IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
JOSE FREMONDE XENOS,                        )
                                            ) Civil Action
            Plaintiff                       ) No. 08-cv-3026
                                            )
       vs.                                  )
                                            )
JEFFREY K. HAWBECKER, Sheriff,              )
   Northampton County Sheriff Department;   )
JOHN CAPOBIANCO, Detective,                 )
   Northampton County Sheriff Department;   )
JOHN DOE, Detective, Northampton County     )
   Sheriff Department; and                  )
ROBERT CORVINO,                             )
                                            )
            Defendants                      )
```

\* \* \*

APPEARANCES:

       JOSE FREMONDE XENOS,
           Plaintiff Pro Se,

       DAVID J. MACMAIN, ESQUIRE
       TIMOTHY JAMES KEPNER, ESQUIRE
           On behalf of Defendants
           Jeffrey K. Hawbecker, Sheriff, Northampton County
           Sheriff Department and
           John Capobianco, Detective, Northampton County
           Sheriff Department

       VIRGINIA A. GIBSON, ESQUIRE
       MARY CATHERINE FRYE, ESQUIRE
           On behalf of Defendant Robert Corvino

\* \* \*

MEMORANDUM OPINION

JAMES KNOLL GARDNER,
United States District Judge

       This Memorandum Opinion is filed in response to the Notice of Appeal filed by plaintiff pro se on January 8, 2009

from an Order of the undersigned dated and filed December 23, 2008 granting as unopposed Defendants Jeffrey Hawbecker and John Capobianco's Motion to Extend the Time to Answer, Plead, or Otherwise Move, Defendants Jeffrey Hawbecker and John Capobianco's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), and Federal Defendant's Motion to Amend the Summons and Federal Defendant's Motion for Enlargement of Time.

By my Order dated December 23, 2008 I deemed Defendants Jeffrey Hawbecker and John Capobianco's Motion to Dismiss Plaintiff's Complaint to be timely filed, dismissed all claims in plaintiff's Complaint against defendants Jeffrey Hawbecker and John Capobianco with prejudice, ordered plaintiff to serve the United States Attorney for the Eastern District of Pennsylvania and the Attorney General of the United States and file proof of proper service by January 30, 2009, and ordered that defendant Robert Corvino answer the Complaint within 60 days after plaintiff properly serves the United States Attorney for the Eastern District of Pennsylvania.

My December 23, 2008 Order also amended the summons to give defendant Corvino 60 days, rather than 20 days, to answer the Complaint, as required by Rule 12(a)(3) of the Federal Rules of Civil Procedure.

The reasons, analysis, and legal authority for my decisions are contained in my footnoted December 23, 2008 Order, and I incorporate those reasons here.  The purpose of this Memorandum Opinion is to elaborate on several points discussed in my Order dated December 23, 2008.

Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania requires every motion not certified as uncontested, or not governed by Local Rule 26.1(g) to be accompanied by a brief.  Rule 26.1(g) deals with routine motions to compel answers to interrogatories or to compel compliance with a request for production of documents, and is not applicable here.

Local Civil Rule 7.1(c) also provides that any party opposing a motion shall serve a brief in opposition, together with an answer or response.  The only exceptions are certain agreements of the parties approved under Local Rule 7.4 (regarding extension of time to answer, plead, or otherwise move), or where the court directs otherwise.  Neither exception applies here.

Finally, Local Civil Rule 7.1 provides that, except for summary judgment motions, all motions may be granted as uncontested in the absence of a timely response.

Defendant Corvino filed a motion to amend the summons to give him 60 days, rather than 20 days, to answer plaintiff's

Complaint because defendant Corvino is a federal employee.  (See Fed.R.Civ.P. 12(a)(3) and 4(i)(1).)  Plaintiff Xenos objected to defendant Corvino's motion, in part, on the grounds that "in the matter of Robert Corvino this is a private citizen matter....His [Corvino's] action was not 'on the job'...."  (See footnote 3 of my December 23, 2008 Order.)

In his Complaint, plaintiff initially named "Robert Doe, Postal Clerk" as one of the defendants.  Later, plaintiff identified Robert Doe as Robert Corvino.  On Page 7 of 8 in plaintiff's Complaint filed July 16, 2008 as Document 3 (also referred to as page "5" at the bottom of the document), plaintiff alleges, in part,

> Robert Doe, whose surname is not yet know[n,] is the postal supervisor at the U.S. sub post office at on [sic] 4th Street in Bethlehem [, Pennsylvania]....It was he who recognized Xenos as being an alleged (fake) fugitive since 1995 after seeming [sic] him for more than a year who notified Detective Capobianco.  [I]n 1996 or 1997 Robert took the unauthorized liberty to close out Xenos' post office box that was rented for himself and his son who lived in Bethlehem.

Accordingly, plaintiff's objection is meritless because plaintiff's above allegations against defendant Corvino clearly relate to a federal employee's "act or omission occurring in connection with duties performed on the United States' behalf." Fed.R.Civ.P. 12(a)(3).  Specifically, as indicated in the above quotation from plaintiff's Complaint, Mr. Xenos alleges that defendant Corvino recognized plaintiff as a fugitive and reported

- 4 -

him to a local law enforcement agent, and that defendant Corvino, a postal supervisor, closed plaintiff's post office box.

Both of these alleged actions by defendant Corvino were performed in the language of Rule 12(a)(3) "in connection with duties performed on the United States' behalf".  Accordingly, defendant Corvino has 60 days to serve his answer.  (In the language of Fed.R.Civ.P. 12(a)(3), defendant Corvino "must serve an answer...within 60 days after service on the...employee or service on the United States attorney, whichever is later.")

Concerning whether a defendant (as opposed to a plaintiff) has the right to amend a summons, see In Re "Agent Orange" Product Liability Litigation, 91 F.R.D. 618, 619 (E.D.N.Y. 1981), where a defendant's motion to amend the summons was granted in a Multidistrict Litigation case.

For the foregoing reasons, and for the reasons articulated in my December 23, 2008 Order, I respectfully suggest that it would be appropriate for the United States Court of Appeals for the Third Circuit to affirm that Order.

BY THE COURT:


/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

February 6, 2009